UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSE H. HUERTA,<br>    PLAINTIFF<br><br>VS.<br><br>CITY OF KINGSVILLE,<br>           DEFENDANT | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§   JURY DEMAND<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This is a civil action against Defendant, City of Kingsville, for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against sex discrimination. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of sex discrimination.

2. This is also a civil action against Defendant, City of Kingsville, for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against retaliation. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of retaliation.

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331, as amended and venue is proper pursuant to 28 U.S.C. §1391(b) for acts committed within this judicial district.

## II. **PARTIES**

4. Jose H. Huerta, (hereinafter Plaintiff), a Hispanic male and former employee, was an individual employed by an employer as contemplated by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e(a). Plaintiff was a resident of Kingsville, Kleberg County, Texas at the time of the incident. Plaintiff is a citizen of the United States and at all times relevant to this complaint was a resident of this division.

5. Defendant, City of Kingsville, is a governmental municipality in the State of Texas and is an employer as contemplated under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e(b). Service of process may be served upon Mayor Sam Furgate, whose address is 400 W. King Ave., Kingsville, Texas 78363, as provided by Rule 4 (j)(2) of the Federal Rules of Civil Procedure.

6. All relevant events and transactions alleged herein in connection with Plaintiff's discrimination claims and other wrongful acts occurred in this district.

7. Whenever in this complaint it is alleged that Defendants did any act or thing, it is meant that Defendant, City of Kingsville through its employees in their official and individual capacity, did such an act or thing, and that at the time such act or thing was done, it was done with its full authority or was done in the normal and routine course and scope of employment and duties of its employees, in their official and individual capacity.

### III. JURY DEMAND

8. Plaintiff hereby requests and demands a jury trial and has otherwise timely and properly made his demand for a jury trial pursuant to the Federal Rules of Civil Procedure.

### IV. ADMINISTRATIVE PROCESS

9. On or about June 23, 2022, Plaintiff filed his initial written charge of discrimination on the basis of sex discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC).

10. Subsequently, the U.S. Equal Employment Opportunity Commission issued and sent a Dismissal and Notice of Rights, dated August 12, 2023, to Plaintiff, which he subsequently received.

11. Plaintiff has exhausted his administrative remedies with EEOC and has timely filed this action.

### V. FACTS

12. On or about September 9, 2016, Plaintiff, Jose H. Huerta, was hired by the City of Kingsville (hereinafter City or Defendant) to work as an Equipment Operator II in the City's Public Works Solid Waste Department. Later, after several years of consistent satisfactory performance, or on about April 12, 2020, the City promoted Plaintiff to Foreman of the Public Works Solid Waste Department.

13. As a Foreman for the Sanitation of the Public Works Solid Waste Department, Plaintiff was paid $16.50 an hour, along with benefits, including medical and dental coverage. His immediate supervisor was the Solid Waste Supervisor, Darrell Mills, who had supervisory

responsibilities over the Sanitation Division and Landfill Division in the Solid Waste Department. As sanitation foreman, Plaintiff is responsible for a multi-member crew that he directly supervises.

14. For Plaintiff, as Sanitation Foreman, his essential duties and responsibilities included overseeing the completion of work assignments by crew members, enforcing safe working conditions with job assignments, assisting in administration of City and departmental rules, regulations, and safety programs, preparing, implementing, and maintaining preventive maintenance schedules for maintenance and repair of tools and equipment, and reporting field work conditions, to name a few.

15. Before Plaintiff's employment with the City, the City wrote and promulgated its Administrative Policies and Procedures Manual (hereinafter "Manual" or "Handbook"), which was intended to provide guidance to employees, like Plaintiff on matters involving equal employment opportunity "as it relates to" all aspects of the Employer- Employee relationship.

16. According to the City, the Manual "established Obligations of All Employees to report any incidents of actual or perceived harassment". The Handbook also included a section entitled, "Statement of Harassment Required", wherein allegations of harassment could be reported "in any manner that effectively communicates the Employee desires to send." This same Handbook has a specific section for investigations, wherein "a prompt investigation will immediately follow the reporting of behavior believed to constitute unlawful harassment. What's more, according to the City's Manual, "[a]ny Employee engaged in any form of harassment will be subject to discipline."

17. Even though Plaintiff reported his concerns about offensive sexual harassment to Mr. Mills as provided in the City's Handbook, Ms. Lopez's offensive behavior was not properly addressed consistent with the City's Handbook. Moreover, the City failed to take effective action regarding Ms. Lopez's conduct, which created a hostile work environment that disrupted the work area under

Plaintiff's responsibility. What's more, following Plaintiff's report regarding offensive sexual behavior by a female employee, unlike other non-female co-workers, Plaintiff was ostensibly ignored and then subjected to unwarranted scrutiny surrounding his day-to-day activities.

18.     During his employment with the City, Plaintiff met the performance standards established by the City. However, on or about early March, 2022, Plaintiff made a complaint to Mr. Mills about sexual harassment that occurred from a female City employee Rosalinda Lopez. Notwithstanding Plaintiff's report of the sexual harassment, the City failed to take any effective action to address the sexual harassment reported by Plaintiff as outlined in the City's Manual. Instead, the City used an unsubstantiated sexual harassment complaint against Plaintiff to initiate a scheme designed to undermine plaintiff's employment with the City. Even worse, under the City's manual, "[a]ny acts of retaliation against an Employee who reports, participates in an investigation of sexual or other harassment are is otherwise involved in such an inquiry is strictly forbidden". However, this policy mandate did not stop the City from its discriminatory treatment of Plaintiff on account of his sex.

19.     In less than two months after Plaintiff complained about sexual harassment against him, on April 11, 2022, Plaintiff was given a termination letter signed by William Donnell, Public Works Director and approved by the City Manager. In the termination letter, Plaintiff was accused of misconduct, which Plaintiff denied for violating the City's No Harassment Policy, Confidentiality and Conduct and Working Environment.

20.     Near the time after Plaintiff's report of sexual harassment to his Solid Waste Supervisor, Darrell Mills, the Plaintiff was given a March 22, 2022, Notice of Investigation, wherein he was informed that he was the subject of an internal investigation for policy violations covering the period "between July 2021-March 2022. The day before, Mr. Donnell had a memorandum to the

Human Resources Director, Diana Gonzales, about two harassment complaints from Beatriz Cavazos and Rosalinda Lopez.

21. Although Plaintiff had made a sexual harassment complaint about Ms. Lopez to Mr. Donnell, Mr. Donnell did not send any written notice to the Human Resources Director or to the Director of Public Works about Plaintiff's earlier sexual harassment complaint involving Ms. Lopez. What's more, neither Mr. Donnell or any of his subordinates prepared and sent a Notice of Investigation to Ms. Lopez or Ms. Cavazos. Moreover, neither Mr. Donnell or any other City management person contacted or requested written statements from the witness identified by Plaintiff in support of his sexual harassment complaint. Even worse, the City did not inform or explain to Plaintiff why the investigation policy contained in the Manual was not applied to his situation involving a complaint of sexual harassment against a City female employee.

22. At the time of Plaintiff's termination, the City did not explain or disclose to him how he violated the City's Confidentiality Policy No. 890.02 which involves "confidential information in regards to the City and its customers". Although plaintiff denied violating any City policy, including the City Confidentiality policy, the City misapplied its Confidentiality policy in order to justify its aggressive and out of context use of the policy to give cover to its blind determination to punish a male employee accused of violating the sexual harassment policy, even though the City failed to substantiate any facts that Plaintiff engaged in that met the City's harassment definition.

## VI.  FIRST CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates herein as part of his First Cause of Action paragraphs 1 through 22 of this Complaint, inclusive and in their entirety, and further alleges:

24. he was a member of a protected class by reason of his sex;

25. he suffered and adverse employment action;

26.	he was qualified for the position; and

27.	he was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees.

## VII. SECOND CAUSE OF ACTION

28.	Plaintiff repeats, realleges and incorporates herein as part of his Second Cause of Action paragraphs 1 through 22 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

29.	Defendant engaged in retaliation towards Plaintiff. The retaliation against Plaintiff can be shown in the following manner:

30.	Plaintiff was an employee who engaged in protected activity or conduct involving a discriminatory practice as it related to conduct covered under the law or participating in any manner in an investigation or protestation of proscribed conduct.

31.	The Defendant took an adverse employment action against Plaintiff.

32.	There is a causal connection between the protected activity and the adverse employment action.

## VIII. THIRD CAUSE OF ACTION

33.	Plaintiff repeats, realleges and incorporates herein as part of his Third Cause of Action paragraphs 1 through 22 of this Plaintiff's Original Complaint, inclusive and in their entirety, and further alleges:

34.	Defendant engaged in retaliation towards Plaintiff. The retaliation against Plaintiff can be shown in the following manner in violation of §21.055 of the Texas Labor Code:

35. Plaintiff was an employee who engaged in protected activity or conduct involving a discriminatory practice as it related to conduct covered under the law or participating in any manner in an investigation or protestation of proscribed conduct.

36. The Defendant took an adverse employment action against Plaintiff.

37. There is a causal connection between the protected activity and the adverse employment action.

## IX.  FOURTH CAUSE OF ACTION

38. Plaintiff repeats, realleges and incorporates herein as part of his Fourth Cause of Action paragraphs 1 through 22 of this Complaint, inclusive and in their entirety, and further alleges:

39. he was a member of a protected class by reason of his sex;

40. he suffered and adverse employment action;

41. he was qualified for the position; and

42. he was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees.

43. Defendant violated §21.106 of the Texas Labor Code.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Plaintiff have:

1. Judgment entered for the Plaintiff against Defendant for damages.

2. Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noncompensatory losses in an amount as provided by law, pursuant to §21.2585 of the Texas Labor Code.

3. Award Plaintiff equitable relief and actual damages, including back pay and benefits pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(g) et seq. and §21.258 of the Texas Labor Code.

4. Award Plaintiff front pay pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-(f)(g).

5. Award Plaintiff damages for physical and mental pain and suffering, including compensatory damages in connection with those claims made herein pursuant to 42 U.S.C. §2000e, et seq.

6. Attorney's fees and costs as provided by §21.259 of the Texas Labor Code and as provided by 42 U.S.C. §2000e-5(k), 42 U.S.C. §1988.

7. Pre-judgment interest were permitted by law.

8. Interest at the legal rate on the foregoing sums from the date of judgment until paid.

9. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF CHARLES C. SMITH, PLLC
/s/Charles C. Smith
Charles C. Smith
615 N. Upper Broadway, Suite 1710
Corpus Christi, Texas  78401
State Bar No.:  18550210
Admission No.:  4312
Telephone No.:  (361) 883-1055
Facsimile No.:  (361) 883-4041
Attorney for Plaintiff